AMY CARLSON (SBN 213294)
EMPLOYMENT RIGHTS ATTORNEYS, LLP
1500 E. Hamilton Ave., Ste. 118
Campbell, California 95008
Tel: (408) 796-7551
Fax: (408) 796-7368
Email: acarlson@eralawyers.com

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**-oo0oo-**

SCOTT JOHNSON,

Plaintiff,

v.

JACK N. MARIANI, an individual and representative capacity as trustee; MEGAN MARIANI LOMBARD; DONALD F. LOMBARDI; and DOES 1-10

Defendant.

Case No. 17-cv-01628-BLF

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT AGAINST DEFENDANTS**

Date: June 1, 2017
Time: 9:00 a.m.
Courtroom: 3, 5th Floor
Judge: Hon. Beth Labson Freeman

**TO: PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 1, 2017 at 9:00 a.m. or as soon thereafter as the matter may be heard in courtroom 3, 5th Floor of the above-entitled court located at 280 S. First Street, San Jose, California, Defendants, by and through their attorneys of record, Employment Rights Attorneys, LLP, will bring on for hearing this motion for an order dismissing them from Plaintiff's complaint pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 12(b)(1). This court does not have jurisdiction over the federal claim upon which Plaintiff's complaint is based, because Plaintiff does not have standing to assert a claim under the Americans with Disabilities ("ADA") relative to the issue raised in his complaint.

This motion is based upon this Notice of Motion and Motion to Dismiss Plaintiff's complaint, the concurrently filed supporting Memorandum of Points and Authorities, and the concurrently filed Declaration of Amy Carlson, as well as the complete files and records in this action, the oral argument of counsel, if any, and such other and further evidence as this court may deem just and proper.

Respectfully,

Dated: April 26, 2017

Signed: /s/
AMY CARLSON, Esq.
EMPLOYMENT RIGHTS ATTORNEYS, LLP
Attorneys for Defendants

# MEMORANDUM OF POINTS AND AUTHORITIES

## ISSUE PRESENTED

May a plaintiff avoid the new state pleading requirements for disabled access lawsuits by filing in District Court while nevertheless pursuing the state law remedies for which the new requirements were intended as prerequisites? Or should the Court dismiss without prejudice plaintiff's state law claim under 28 USC section1367(c)?

## SUMMARY OF MOTION

Plaintiff Scott Johnson filed this lawsuit in U.S. District Court, despite the fact his main damages claims arise under the California Unruh Act. By filing an *unverified* complaint in United States District Court with vague boilerplate factual allegations, Plaintiff Johnson is engaging in the very conduct that the California legislature recently sought to prohibit through the enactment of new procedural and substantive pleading requirements to curb abusive disabled access litigation. At the same time, Plaintiff is pursuing the unique remedies provided by California state law in disability access lawsuits. The new state law requirements raise novel and complex issues, which the California courts should be given the first opportunity to address.

## STATEMENT OF RELEVANT FACTS

On March 26, 2017, Plaintiff Scott Johnson filed this public accommodations disability discrimination lawsuit against Defendants Jack N. Mariani an "individual and representative capacity as trustee, Megan Mariani Lombardi, Donald F. Lombardi and Does 1-10. (See Compl., ¶¶ 2-20.)

In his Complaint, Plaintiff asserts a federal cause of action under the Americans with Disability Act ("ADA"), and California state law causes under the Unruh Civil Rights Act (California Civil Code §§ 51-53). (*Id.* at ¶¶ 21-22.) Plaintiff alleges that he visited Defendants' Lombardi Auto Service on unspecified days. (*Id.* at ¶ 24.) Complaint alleges "there were no parking spaces marked and reserved for persons with disabilities during any of plaintiff's visits." (*Id.* at ¶ 27.) Plaintiff further alleges that currently, there are no compliant, accessible parking spaces designed and reserved for persons with disabilities in the parking lot serving On information and belief, plaintiff alleges that there used to be a compliant, accessible parking space in the parking lot prior to February 2016. (*Id.* at ¶ 28.) Although parking spaces are one of the facilities available to patrons of the auto service, Plaintiff alleges, on

information and belief, defendants allowed the parking spaces that were previously reserved for persons with disabilities to fade away into oblivion or get paved over. (*Id.*)

Although the Complaint contains alleges of technical non-compliance, notably absent is "[a] plain language explanation of . . . the way in which the barrier denied [him] full and equal use or access, or in which it deterred [him], on each particular occasion," as is now required in California since the 2012 amendments creating California Code of Civil Procedure section 425.50. Plaintiff fails to assert why the alleged access barrier prevented him from accessing Lombardi Auto Service with any particularity as there were adequate parking spaces during the period that Plaintiff that could easily accommodate a disabled person whether or not marked accordingly.

Plaintiff Johnson's complaint is also unverified, in violation additional requirements under Code of Civ. Proc. section 425.50(b). This lawsuit is an effort to extract a settlement by "by dint of nuisance and threat of expense" rather than the "threat of victory." (*Graham v. Daimler Chrysler*, 34 Cal.4th 553, 575 (2004).) Defendant respectfully requests that this District Court scrutinize Plaintiff's tactics in filing this lawsuit in District Court. While it has been held that "state pleading standards do not apply in federal court" (*Oliver v. In-N-Out Burgers*, 286 F.R.D. 475, 477 (S.D. Cal., 2012)), this Court need not accept supplemental jurisdiction of state claims, when the federal filing is an effort to evade state procedures or is an attempt to forum shop, as this lawsuit appears to be. For this reason, among others, Defendants ask the court to dismiss this lawsuit without prejudice.

**LEGAL AUTHORITY FOR MOTION**

Federal Rules of Civil Procedure Rule 12(b)(1) authorizes motions to dismiss based upon lack of subject matter jurisdiction. (*Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004).) Rule 12(b)(6) allows motions to dismiss based upon failure to state a claim upon which relief may be granted. Even at the initial pleading stage— and even though defendants are usually the moving party— plaintiffs bear the burden of establishing the existence of federal subject matter jurisdiction. (*California Practice Guide, Federal Civil Procedure Before Trial,* §9:77.10.) The Ninth Circuit Court of Appeals has held: "[F]ederal courts are required, *sua sponte*, to examine jurisdictional issues." (*B.C. by and through Powers v. Plumas Unified School District, 192 F.3d 1260, 1264* (C.A. 9th 1999).) Due to the expense of

litigating in federal court; the small claims asserted in the lawsuit; and the limited resources available in federal court, deciding the jurisdictional issues in this case at the earliest opportunity is especially important. The court should decline to exercise jurisdiction over Plaintiff's state law claims for the following reasons.

**A. This Court should use its discretion under 28 U.S.C. § 1367(c) to dismiss the state law claims in Plaintiff Johnson's Complaint.**

Under 28 U.S.C. section 1367(c), a federal district court may decline supplemental jurisdiction over a plaintiff's state law claims if any one of the following four grounds exist:

> (1) The claim raises a novel or complex issue of State law,
> (2) The claim substantially predominates compared with the claim or claims over which the district court has original jurisdiction,
> (3) The district court has dismissed all claims over which it has original jurisdiction, or
> (4) In exceptional circumstances, there are other compelling reasons for declining jurisdiction."

(28 U.S.C. §1367(c))

For disability access cases including state law claims filed in Federal District Court, dismissal is appropriate when the lawsuit raises novel or complex issues of state law; the state law claims substantially predominate; or when there are other compelling reasons to decline jurisdiction, such as indicia of forum shopping. (*Organization for the Advancement of Minorities With Disabilities v. Brick Oven Restaurant* 406 F.Supp.2d 1120, 1130-31 (C.D. Cal. 2005) (hereinafter "*OAM*") [holding that "statutory damages available to Singletary under the Unruh Act substantially predominate over the injunctive relief available under the ADA."].) In the present case, the Court should decline supplemental jurisdiction for all of the following reasons.

**B. Plaintiff's claim raises novel or complex issues of State law due to the passage of Senate Bill 1186 and his refusal to verify his complaint and to specify the date of his visit.**

Due to incidents of plaintiffs abusing disability access laws, the California legislature enacted Senate Bill (SB) 1186 in 2012. Among other things, SB 1186 amended a number of statutes to create new procedural requirements for disability discrimination lawsuits. (See 2012 Legislation, West's Ann.

Code Civ. Proc. (2014) §425.50[1]). These requirements apply to pre-litigation demands for money and the veracity of complaints. (See 2012 Legislation, West's Ann. Code Civ. Proc. (2014) §425.50[2]). To minimize abusive access lawsuits, SB 1186 imposes penalties for non-compliance with the new procedural requirements. These penalties range from striking complaints to State Bar disciplinary proceedings. [See, e.g., Cal. Civil Code §§ 55.3, 55.31 and 55.32 (enacting new, stringent procedural and substantive requirements on "demand" letters in disability discrimination lawsuits); California Code of Civil Procedure 425.50(b) (requiring that access discrimination complaints be verified).]

The new California Code of Civil Procedure section 425.50 states, in full:

> (a) An allegation of a construction-related accessibility claim in a complaint, as defined in subdivision (a) of Section 55.52 of the Civil Code, shall state facts sufficient to allow a reasonable person to identify the basis of the violation or violations supporting the claim, including all of the following:
>
> > (1) A plain language explanation of the specific access barrier or barriers the individual encountered, or by which the individual alleges he or she was deterred, with sufficient information about the location of the alleged barrier to enable a reasonable person to identify the access barrier.
> >
> > (2) The way in which the barrier denied the individual full and equal use or access, or in which it deterred the individual, on each particular occasion.
> >
> > (3) The date or dates of each particular occasion on which the claimant encountered the specific access barrier, or on which he or she was deterred.
> > (4)(A) Except in complaints that allege physical injury or damage to property, ***a complaint filed by or on behalf of a high-frequency litigant*** shall also state all of the following:

[1] "The legislative note states: "SEC. 24. The Legislature finds and declares that a very small number of plaintiffs' attorneys have been abusing the right of petition under Sections 52 and 54.3 of the Civil Code . . . Therefore, the Legislature finds and declares that it is necessary and appropriate to enact Sections 55.31 and 55.32 of the Civil Code, and Section 425.50 of the Code of Civil Procedure to protect the public's confidence and support of the right to petition under Sections 52 and 54.3 of the Civil Code."

[2] "The legislative note states: "SEC. 24. The Legislature finds and declares that a very small number of plaintiffs' attorneys have been abusing the right of petition under Sections 52 and 54.3 of the Civil Code . . . Therefore, the Legislature finds and declares that it is necessary and appropriate to enact Sections 55.31 and 55.32 of the Civil Code, and Section 425.50 of the Code of Civil Procedure to protect the public's confidence and support of the right to petition under Sections 52 and 54.3 of the Civil Code."

    (i) Whether the complaint is filed by, or on behalf of, a high-frequency litigant.
    (ii) In the case of a high-frequency litigant who is a plaintiff, the number of complaints alleging a construction-related accessibility claim that the high-frequency litigant has filed during the 12 months prior to filing the complaint.
    (iii) In the case of a high-frequency litigant who is a plaintiff, the reason the individual was in the geographic area of the defendant's business.
    (iv) In the case of a high-frequency litigant who is a plaintiff, the reason why the individual desired to access the defendant's business, including the specific commercial, business, personal, social, leisure, recreational, or other purpose.

  (B) As used in this section "high-frequency litigant" has the same meaning as set forth in subdivision (b) of Section 425.55.

(b)(1) A complaint alleging a construction-related accessibility claim, as those terms are defined in subdivision (a) of Section 55.3 of the Civil Code, ***shall be verified by the plaintiff***. A complaint filed without verification shall be subject to a motion to strike.

  (2) A complaint alleging a construction-related accessibility claim filed by, or on behalf of, a high-frequency litigant shall state in the caption "ACTION SUBJECT TO THE SUPPLEMENTAL FEE IN GOVERNMENT CODE SECTION 70616.5."

(c) A complaint alleging a construction-related accessibility claim shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party. By signing the complaint, the attorney or unrepresented party is certifying that, to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, all of the following conditions are met:

  (1) It is not being presented primarily for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
  (2) The claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.
  (3) The allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.
  (4) The denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

(d) A court may, after notice and a reasonable opportunity to respond, determine whether subdivision (c) has been violated and, if so, impose

> sanctions as provided in Section 128.7 for violations of subdivision (b) of Section 128.7.[3]
>
> (e) Nothing in this section shall limit the right of a plaintiff to amend a complaint under Section 472, or with leave of the court under Section 473. However, an amended pleading alleging a construction-related accessibility claim shall be pled as required by subdivision (a).
>
> (f) The determination whether an attorney is a high-frequency litigant shall be made solely on the basis of the verified complaint and any other publicly available documents. Notwithstanding any other law, no party to the proceeding may conduct discovery with respect to whether an attorney is a high-frequency litigant.

Code Civ. Proc., § 425.50 (***Emphasis added***)

Plaintiff Johnson's Complaint is deficient under §425.50 in the following ways:

(1) It is unverified;
(2) It does not specify how the barriers interfered with, or deterred his access;
(3) It does not specify the dates of "each particular occasion" on which Plaintiff encountered the barrier or was deterred from access;
(4) It does not state whether Plaintiff is a high-frequency litigant, or how many access discrimination lawsuits Plaintiff has brought forward in the last twelve months.

Plaintiff Johnson, a serial ADA litigant who resides in Sacramento County—over 130 miles away from Defendants' property—and who has filed, since 2007, approximately 593 ADA actions in the United States District Court for the Eastern District of California and approximately 205 ADA actions in the United States District Court for the Northern District of California since 2015.[4]

Since January 2017, Plaintiff has filed 23 ADA actions in the United States District Court for the Eastern District of California and 47 ADA actions in the United States District Court for the Northern District of California. In addition, it should be noted that Plaintiff Johnson has filed ADA actions in United States District Court for the Central District of California. After having cases dismissed in the three aforementioned District Courts of California, Plaintiff continues to file ADA actions to determine whether he can viably sue Bay Area businesses, which are located over two hours away from his Carmichael, California residence.

---

[3]It should be noted that C.C.P. § 128.7 requirements are similar to F.R.C.P., Rule 11 requiring signature requirement for court papers, violations, and sanctions.

[4]These numbers are current as of April 23, 2017

Regarding the verification requirement, a Southern District of California court recently noted that "state pleading standards do not apply in federal court." (*Oliver v. In-N-Out Burgers*, 286 F.R.D. 475, 477 (S.D. Cal., 2012). However, where California's new procedural requirements were intended as a prerequisite to the award of state law damages, an award of damages under more lenient federal pleading requirements would effectively over-ride the California legislature's intent, and would likely materially impact the outcome of this case. The State courts should be allowed an opportunity to interpret the amendments further to give guidance as to their substantive impact. For this reason, and the following reasons, this court should dismiss Plaintiff's state law claims.

**C. Plaintiff's state law damages claim substantially predominates the injunctive claim over which this District Court has original jurisdiction.**

The monetary damages provided under California state law for public accommodations disability discrimination are a principal motivator of disability discrimination lawsuits in California. Because California is the only state that awards a mandatory minimum monetary damage award for disability discrimination, irrespective of actual damage imposed, California access laws provide a greater incentive for plaintiffs to sue than any other state.

The only relief the ADA provides is injunctive relief, not monetary damages. (*OAM,* 406 F.Supp.2d at 1129; 42 U.S.C. § 12188(a)(1).) In the U.S. Southern District of California, the *OAM* court held, where a plaintiff sought substantial money damages for Unruh Act claims along with his federal ADA claims, that the "statutory damages available to [plaintiff] under the Unruh Act substantially predominate over the injunctive relief available under the ADA." (*Id.* at 1130-31.) Because California law expressly incorporates federal law in lawsuits asserting state disability discrimination lawsuits (see, e.g., Civil Code 51(f) and *Munson v. Del Taco, Inc.*, 46 Cal.4th 661 (2009)), and because federal ADA claims may be asserted in state court lawsuits, Plaintiff has no substantive reason to file this lawsuit in federal court. He simply wants to use the federal court forum to receive the financial benefits of the Unruh Act while avoiding the scrutiny which accompanies it. Although a plaintiff is not required to make a pre-litigation demand for injunctive compliance, it is instructive when, as here, Plaintiff has not done so. Without such a demand, it is impossible for Plaintiff Johnson or this Court to know whether an

injunctive relief claim was necessary or whether a simple pre-litigation request to injunctive compliance would have sufficed. Thus, without having established that injunctive relief was necessary, it is clear that the State's monetary remedies are Plaintiff Johnson's primary objective.

**D. Plaintiff Johnson is attempting to evade the force and effect of California Code of Civil Proc. 425.50, et seq. by filing his state law monetary damage claims in Federal Court.**

By filing this lawsuit in Federal District Court, Plaintiff Johnson is evading the newly-enacted California state procedural requirements aimed at preventing abusive access barrier litigation and ensuring accurate, truthful pleadings in disability discrimination lawsuits—namely verification of the Complaint—and precise factual pleading. (See CCP §425.50.)

Had Plaintiff Johnson filed this lawsuit in California state court—where it clearly belongs—he would have been compelled to *verify* his Complaint, pay additional filing fees, declare himself a "high frequency litigant," and make more specific factual allegations. Perhaps then Plaintiff would have explained what exactly happened to him, if anything, and what day it happened. In turn, Plaintiff would not have wasted the resources of this Court and Defendants due to the filing of a vague mass-produced complaint. Accordingly, the District Court should decline jurisdiction of his state law claims pursuant to the reasoning in *OAM*. (*OAM*, *supra*, at 1131).

**E. Plaintiff filed this case in Federal District Court to evade California statutes aimed at ensuring the efficient economic litigation of small monetary damage claims.**

By filing in federal court, Plaintiff Johnson is also attempting to avoid the application of multiple California statutes aimed at ensuring efficient economical litigation of "minimal damages" access discrimination claims such as the case at bar. Civil Code section 52.2 gives the California Small Claims Court specific jurisdiction of disabled access claims under Civil Code sections 52 and 54.3. Additionally, Code of Civil Procedure section 1033(b) creates strong incentives for plaintiffs to file in the most economical level of California's tiered jurisdictional classifications (Small Claims [Limited Civil under $10,000], Limited Civil [under $25,000], and Unlimited Civil [over $25,000. (CCP §1033(b) (limiting or eliminating an award of costs where a lawsuit is "overfiled" and the plaintiff fails to obtain a damage award above the jurisdictional minimum). The parties would likely incur fewer costs if these

claims were litigated in California's "tiered" system. Plaintiff Johnson subjects Defendants to these additional costs only to take advantage of the relaxed pleading standard.

Federal law provides no additional remedies to Plaintiff Johnson over the remedies available under state anti-disability discrimination law—the Unruh Act allows for issuance of injunctive relief without the ADA. Therefore, there is no need for a plaintiff seeking both monetary and injunctive relief to file in federal court. (See, e.g., *OAM v. Brick Oven*, 406 F.Supp. 1120, 1131(S.D. CA. 2005) [dismissing an ADA lawsuit, labeling the plaintiff's attachment of an ADA claim to state anti-disability discrimination claims as providing no substantive advantages, and instead demonstrating improper "forum-shopping" for a federal court forum.].)

Plaintiff Johnson's decision to file in federal court is pure "forum-shopping." He is needlessly consuming this Court's precious resources for a lawsuit where state law claims clearly predominate. (See, e.g., *OAM, supra*, 406 F.Supp.2d at 1131 [holding that California Unruh Act claims for monetary damages substantially predominated over the ADA claim].) This Court should not allow its resources to be wasted by a plaintiff and case that have no legitimate place in federal court. As such, the Court should dismiss this case so Plaintiff can re-file his claims where they belong, in California state court.

**F. By filing in federal court, Plaintiff is ignoring several trial court orders about failing to establish the District Court's jurisdiction.**

Finally, Plaintiff Johnson ignores a number of trial court orders from this Federal Court's Southern District. Similar disabled access complaints brought before the Southern District have recently been dismissed for jurisdictionally inadequate pleadings. (See, e.g., Order of Dismissal, *Schutza v. Cuddeback*, [Southern District of California Case No. 16-cv-02746-BAS-KSC, Document 7, filed 4/10/2017]; see also, Order of Dismissal; *Langer v. Abrahim*, 14-cv-02902-LAB-DHB [Southern District of California, Document 5 filed 12/12/14].) (See Carlson Decl. ¶¶ 2-3, Exhibits 1-2.)

Judge Bashant, in *Schutza*, from the Southern District of California granted Defendant's motion to dismiss a disabled access lawsuit in a case where the plaintiff brought similar causes of action—Unruh and ADA. (See Order [of Dismissal], *Schutza v. Cuddeback, et al.*, 3:16-cv-02746-BAS-KSC, Document 7, (filed 4/10/2017) [hereinafter "*Schutza*"].) The Schutza court found that Plaintiff's

intentional discrimination claims, the same claims Mr. Johnson is making here, require application of state law standards, (*Id.* at page 6:5-14.)

Judge Bashant ruled that "Plaintiff's state-law claims under the Unruh Act substantially predominated over his federal claim under the ADA." (*Id.* at pages 7:2-3; 8:20-25.)

Considering these factors, the *Schutza* court concluded that the plaintiff's state law claims and issues predominated, and on that basis, declined to exercise supplemental jurisdiction over Plaintiff Schutza's state law claims. (*Id.* at page 8:20-25.) *Schutza* is directly on point for this claim.

Plaintiff Johnson's venue shopping is his attempt to circumvent the procedural requirements. The Unruh Act claims then clearly predominate over the ADA claims. For the reasons set forth above and in the *Schutza* Order of Dismissal, this Court should grant this motion for dismissal.

**CONCLUSION**

The state of California provides monetary remedies that are not only uniquely generous compared to federal remedies but unique in comparison to all other states. The state legislature recognized that these remedies were being abused, and thus enacted reasonable procedural prerequisites. Plaintiff Johnson should not be allowed to circumvent the legislature's safeguards by simply filing in federal court. For the foregoing reasons, Defendants respectfully requests this Court issue an order dismissing Plaintiff Scott Johnson's Complaint, and that the Court decline supplemental jurisdiction of his state law claims.

Dated: April 26, 2017

Signed: /s/
AMY CARLSON, Esq.
EMPLOYMENT RIGHTS ATTORNEYS, LLP
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on April 26, 2017 I electronically filed the foregoing NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT AGAINST DEFENDANTS with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

April 26, 2017

/s/
Amy Carlson, Esq.