AMY CARLSON (SBN 213294)
EMPLOYMENT RIGHTS ATTORNEYS, LLP
1500 E. Hamilton Ave., Ste. 118
Campbell, California 95008
Tel: (408) 796-7551
Fax: (408) 796-7368
Email: acarlson@eralawyers.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

-oo0oo-

| | |
|---|---|
| SCOTT JOHNSON, | Case No. 17-cv-01628-BLF |
| Plaintiff, | **DECLARATION OF AMY CARLSON IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT AGAINST DEFENDANTs** |
| v. | |
| JACK N. MARIANI, an individual and representative capacity as trustee; MEGAN MARIANI LOMBARD; DONALD F. LOMBARDI; and DOES 1-10 | Date: June 1, 2017<br>Time: 9:00 am.<br>Courtroom: 3, 5th Floor<br>Judge: Hon. Beth Labson Freeman |
| Defendant. | |

Carlson Decl. ISODef's Motion to Dismiss        Case No. 17-cv-01628-BLF

I, Amy Carlson, hereby declare:

1. I am a partner with Employment Rights Attorneys, LLP. Our office represents Defendants, Jack N. Mariani, Magen Mariani Lombard, and Donald F. Lombardi in this matter.

2. Attached as Exhibit 1 is a true and correct copy of the Order Granting Defendants' Motion to Dismiss State Law Claim filed in *Schutza v. Cuddeback*, Case No. 16-cv-02746, Dk. No. 5, United States District Court, Southern District of California, dated April 10, 2017.

3. Attached as Exhibit 2 is a true and correct copy of the Order of Dismissal filed in *Langer v. Abrahim*, Case No. 14-cv-02902-LAB-DHB, Dk. No. 5, United States District Court, Southern District of California, dated December 12, 2014.

I declare under penalty of perjury under the Laws of the United States that the above is true and correct.

April 26, 2017

/S/
Amy Carlson

# CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2017 I electronically filed the foregoing DECLARATION OF AMY CARLSON IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT AGAINST DEFENDANTS with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

April 26, 2017

_____/s/_____
Amy Carlson, Esq.

# EXHIBIT 1

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT SCHUTZA,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM B. CUDDEBACK; LOU G. CUDDEBACK; INTERSTATE GROUP LLC,<br><br>Defendants. | Case No. 16-cv-02746-BAS-KSC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS STATE LAW CLAIM [ECF No. 5]** |

On November 07, 2016, Plaintiff Scott Schutza commenced this civil action against Defendants William Cuddeback, Lou Cuddeback, and Interstate Group, LLC ("Defendants") alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), and California's Unruh Civil Rights Act §§ 51–53 ("Unruh Act"). Defendants now move to dismiss the state law claim for lack of subject matter jurisdiction under 28 U.S.C. § 1367. Plaintiff has not opposed.[1]

---

[1] The Court would be within its discretion to grant Defendants' motion to dismiss based on Plaintiff's failure to file an opposition. *See* CivLR 7.1(f)(3)(c) ("If an opposing party fails to file the papers in the

1

The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); CivLR 7.1(d)(1). For the following reasons, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's state law claim.[2] (ECF No. 5.)

## I.   BACKGROUND

Plaintiff Scott Schutza is a paraplegic who uses a wheelchair for mobility. (Compl. ¶ 1.) Defendants own the real property known as "TrailersPlus" located at or about 12024 Woodside Avenue, Lakeside, California. (*Id.* ¶¶ 2–5.)

In February 2016, Plaintiff went to TrailersPlus in search of a trailer. (*Id.* ¶ 10.) However, as a result of his physical disabilities, Plaintiff alleges he was unable to access or use the property because of various access barriers, including barriers in the parking lot, at the entrance door, in the establishment itself, and in the restroom area. (*Id.* ¶¶ 22–27.) Plaintiff contends that he personally encountered said problems, and consequently, was denied full and equal access of the property. (*Id.* ¶ 28.)

On November 7, 2016, Plaintiff sued Defendants for violations of the ADA and the Unruh Act. Plaintiff seeks monetary damages under the Unruh Act and injunctive relief under the ADA. (Compl. 9:18–25.)

On December 1, 2016, Defendants filed a motion to dismiss Plaintiff's state law claim pursuant to 28 U.S.C. § 1367(c). Defendants primarily contend that: (1) Plaintiff's state law claim raises novel and complex issues of state law due to California's recent adoption of pleading requirements for disability discrimination lawsuits; (2) the state law claim substantially predominates over the federal law claim because Plaintiff is seeking statutory damages only available under California law; and (3) Plaintiff is engaging in

---

manner required by [the Local Rules], that failure may constitute a consent to the granting of a motion or other request for ruling by the court."); *see also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."). However, in this case, the Court will proceed to the merits.

[2] The Court retains jurisdiction over the ADA claim.

forum shopping. (EFC No. 5.)

## II. LEGAL STANDARD

The federal supplemental jurisdiction statute provides:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). Supplemental jurisdiction is mandatory unless prohibited by § 1367(b), or unless one of the exceptions in § 1367(c) applies. Under § 1367(c), a district court may decline supplemental jurisdiction over a state law claim if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Underlying the § 1367(c) inquiry are considerations of judicial economy, convenience and fairness to litigants, and comity. "[I]f these are not present a federal court should hesitate to exercise jurisdiction over state law claims[.]" *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

Under § 1367(c), "a district court can decline jurisdiction under any one of [the statute's] four provisions." *San Pedro Hotel Co. v. City of L.A.*, 159 F.3d 470, 478 (9th Cir. 1998). When a district court declines supplemental jurisdiction over a state law claim pursuant to one of the first three provisions of the statute—that is, §§ 1367(c)(1)–(3)—the court need not state its reasons for dismissal. *Id.* However, when the court declines supplemental jurisdiction pursuant to the statute's "exceptional circumstances" provision—that is, § 1367(c)(4)—the court must "articulate why the circumstances of the case are exceptional," and consider whether values of judicial economy, convenience,

fairness, and comity provide compelling reasons for declining jurisdiction. *Exec. Software N. Am., Inc. v. U.S. Dist. Court*, 24 F.3d 1545, 1552 (9th Cir. 1994).

## III. DISCUSSION

### A. The ADA

The ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). A sales or rental establishment is a "public accommodation" for purposes of the ADA. 42 U.S.C. § 12181(7)(E).

To prevail on a claim under the ADA, a plaintiff must prove that (1) he or she has a disability; (2) the defendant operates, leases, or owns a place of public accommodation; and (3) the plaintiff was denied appropriate accommodations by the defendant because of his or her disability. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). "[A] plaintiff need not show intentional discrimination in order to make out a violation of the ADA." *Lentini v. Cal. Ctr. for the Arts, Escondido*, 370 F.3d 837, 846 (9th Cir. 2004). Under the ADA, "damages are not recoverable . . . only injunctive relief is available." *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) (citing 42 U.S.C. § 12188(a)(1)).

### B. The Unruh Act

The Unruh Act provides in part that "[a]ll persons within the jurisdiction of [California] are free and equal, and no matter what their . . . disability . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). The Unruh Act also provides that a violation of the federal ADA constitutes a violation of § 51 of the Unruh Act. Cal. Civ. Code § 51(f).

As a general matter, a claim under the Unruh Act requires a plaintiff to allege an intentional act or omission on behalf of defendant. *See Org. for the Advancement of Minorities v. Brick Oven Rest.*, 406 F. Supp. 2d 1120, 1129 (S.D. Cal. 2005). Thus, "[a]

violation of the Unruh Act may be maintained independent of an ADA claim where a plaintiff pleads 'intentional discrimination in public accommodations in violation of the terms of the [Unruh] Act.'" *Schutza v. McDonald's Corp.*, 133 F. Supp. 3d 1241, 1247 (S.D. Cal. 2015) (citations omitted). However, a showing of intentional discrimination is not required where a plaintiff brings an Unruh Act claim on the grounds that a defendant has violated the ADA. *See Munson v. Del Taco, Inc.*, 208 P.3d 623, 628–29 (Cal. 2009); *see also Lentini*, 370 F.3d at 847 ("[N]o showing of intentional discrimination is required where the Unruh Act violation is premised on an ADA violation.").

Unlike the ADA, the Unruh Act allows for recovery of monetary damages. A plaintiff may recover actual damages for each and every offense "up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000)[.]" Cal. Civ. Code § 52(a). "The litigant need not prove she suffered actual damages to recover the independent statutory damages of $4,000." *Molski*, 481 F.3d at 731 (citing *Botosan v. Paul McNally Realty*, 216 F.3d 827, 836 (9th Cir. 2000)).

## IV. ANALYSIS

### A. Plaintiff's State Law Claim Substantially Predominates

Defendants argue that Plaintiff's state law claim substantially predominates over his ADA claim under § 1367(c)(2). The Court agrees for two main reasons.

First, when considering the number of violations alleged by Plaintiff, the total amount of damages available to him under the Unruh Act—a minimum of $4,000 for each offense—indicates that Plaintiff's predominant focus is recovering monetary damages under state law. At a minimum, Plaintiff alleges the following nine individual violations: (1) the raised threshold at the entrance door is greater than the permitted threshold for the type of door; (2) the entrance is inaccessible to Plaintiff; (3) parking is inaccessible to Plaintiff; (4) there are no parking spaces designed and reserved for persons with disabilities; (5) there is no lowered portion of transaction counters for persons in wheelchairs; (6) the restroom doorway clear passage is inaccessible to Plaintiff; (7) the restroom does not have grab bars for use by persons with disabilities; (8) the sink lacks

knee clearance for wheelchair use; and (9) the restroom mirror is mounted higher than the maximum permitted. (Compl. ¶¶ 13–27.) These nine allegations, if proven, would entitle Plaintiff to a minimum monetary award of $36,000. In contrast, under the ADA, Plaintiff would only be entitled to injunctive relief. Thus, under the circumstances presented, the Court finds that the monetary damages sought by Plaintiff under the Unruh Act substantially predominate over federal injunctive relief. *See Brick Oven Rest.*, 406 F. Supp. 2d at 1131 (finding that statutory damages available under the Unruh Act substantially predominated over injunctive relief available under the ADA where the plaintiff alleged distinct violations that, if proven, would entitle him to an award of $56,000); *see also Molski v. Hitching Post I Rest., Inc.*, No. CV 04-1077SVWRNBX, 2005 WL 3952248, at *7 (C.D. Cal. May 25, 2005) (finding that statutory damages available under the Unruh Act substantially predominated over injunctive relief available under the ADA where the plaintiff alleged 13 allegations that, if proven, would entitle plaintiff to an award of $52,000).

Second, Plaintiff places intentionality at the heart of his claims for relief (*see* Compl. ¶ 35), which when combined with the amount of monetary relief sought, strongly suggests the Unruh Act claim substantially predominates. As the Court noted earlier, intentional discrimination is unnecessary to establish a violation under the ADA. However, intentionality is relevant to Plaintiff's state law claim because it allows Plaintiff to maintain an independent action under the Unruh Act. *See Earll v. eBay, Inc.*, No. 5:11-CV-00262-JF HRL, 2011 WL 3955485, at *3 (N.D. Cal. Sept. 7, 2011) ("A violation of the Unruh Act may be maintained independent of an ADA claim where a plaintiff pleads intentional discrimination in public accommodations in violation of the terms of the Act."). Furthermore, resolving the issue of intentional discrimination "entails application of state-law standards." *Schutza*, 133 F. Supp. 3d at 1247 (finding that plaintiff's allegations of intentional discrimination was one of the main reasons why plaintiff's state law claims substantially predominated over his ADA claim). Thus, Plaintiff's allegation of intentional discrimination bolsters the conclusion that his Unruh Act claim substantially predominates

over his ADA claim.

In sum, the Court finds that Plaintiff's state law claim under the Unruh Act substantially predominates over his federal claim under the ADA.

**B. There Are Exceptional Circumstances Supported by Compelling Reasons for Declining Supplemental Jurisdiction**

In considering values of judicial economy, convenience, fairness, and comity, the Court finds compelling reasons for declining supplemental jurisdiction in this case. *See Exec. Software N. Am., Inc.*, 24 F.3d at 1557.

In 2012, California adopted heightened pleading requirements for disability discrimination lawsuits under the Unruh Act, including provisions requiring high-frequency litigants to verify and specify their allegations. *See* Cal. Code Civ. Proc. § 425.50.[3] The purpose of these heightened pleading requirements is to deter baseless claims and vexatious litigation. *See e.g.*, SB 1186, Chapter 383 § 24 (Ca. 2012).

The Court notes that Plaintiff Schutza has filed over one hundred cases in this and other courts alleging disability discrimination.[4] As a high-frequency litigant primarily seeking relief under state law, the Court finds it would be improper to allow Plaintiff to use federal court as an end-around to California's pleading requirements. Therefore, as a matter of comity, and in deference to California's substantial interest in discouraging unverified disability discrimination claims, the Court declines supplemental jurisdiction over Plaintiff's Unruh Act claim. *See Cross v. Pac. Coast Plaza Invs., L.P.*, No. 06 CV 2543 JM RBB, 2007 WL 951772, at *5 (S.D. Cal. Mar. 6, 2007) (declining to exercise supplemental jurisdiction over plaintiff's Unruh Act claims in the interest of comity and noting this

---

[3] A plaintiff alleging disability discrimination under the Unruh Act must: (1) explain the specific access barrier(s) encountered; (2) how the barrier(s) denied full and equal access on each particular occasion; and (3) the specific date of each particular occasion. Additionally, except for complaints that allege injury or damage, a complaint filed by or on behalf of a high-frequency litigant must state the number of claims the plaintiff has filed in the previous 12 months and the reason and purpose for the plaintiff's desire to access the defendant's business. *See* Cal. Code Civ. Proc. § 425.50.

[4] According to PACER, Plaintiff Scott Schutza is a plaintiff in 127 cases as of March 27, 2017.

interest has become more compelling "as the courts struggle to resolve what is at the moment an irreconcilable tension between the ADA and the Unruh Act"); *Hitching Post I Rest.*, 2005 WL 3952248 at *8–9 (finding comity to be a compelling reason for declining supplemental jurisdiction over state claims on the ground that California courts should have the ability to interpret state disability laws).

Finally, and relatedly, the Court agrees with Defendants' contention that Plaintiff is engaging in forum-shopping by bringing his action in federal court and attempting to avoid California's heightened pleading requirements for disability discrimination claims. It is unclear what advantage—other than avoiding state-imposed pleading requirements—Plaintiff gains by being in federal court since his sole remedy under the ADA is injunctive relief, which is also available under the Unruh Act. Federal courts may properly take measures to discourage forum-shopping, *see, e.g., Hanna v. Plumer*, 380 U.S. 460, 467–68 (1965), and here, where Plaintiff has filed over one hundred disability discrimination cases, and settled more than fifty of them in a two-year period,[5] the Court finds this to be a compelling reason to decline supplemental jurisdiction. *See, e.g., Brick Oven Rest.*, 406 F. Supp. 2d at 1132 ("Because a legitimate function of the federal courts is to discourage forum shopping and California courts should interpret California law . . . compelling reasons exist to decline supplemental jurisdiction over plaintiff's state law claims.").

## V. CONCLUSION

For the foregoing reasons, the Court finds that (1) Plaintiff's state law claim under the Unruh Act substantially predominates over his federal claim under the ADA, and (2) there are otherwise exceptional circumstances—including comity and this Court's interest in discouraging forum-shopping—for declining supplemental jurisdiction over the Unruh Act claim. Accordingly, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's state law claim under 28 U.S.C § 1367(c). (ECF No. 5.) The Court retains jurisdiction over the ADA claim. Defendants shall file an answer or otherwise respond to the ADA claim no

---

[5] According to PACER, Plaintiff has settled 56 disability cases since 2015.

Case 5:17-cv-01628-BLF   Document 13   Filed 04/26/17   Page 13 of 17

Case 3:16-cv-02746-BAS-KSC   Document 7   Filed 04/10/17   PageID.64   Page 9 of 9

1 | later than **April 24, 2017**.
2 |     **IT IS SO ORDERED.**
3 |
4 | DATED: April 10, 2017

*Cynthia Bashant*
Hon. Cynthia Bashant
United States District Judge

9

16cv2746

# EXHIBIT 2

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LANGER,<br><br>    Plaintiff(s),<br>vs.<br>AIMEE H. ABRAHIM, et al.,<br><br>    Defendant(s). | CASE NO. 14cv2902-LAB (DHB)<br><br>**ORDER OF DISMISSAL** |

Plaintiff Chris Langer filed his complaint on December 9, 2014, bringing claims under the Americans with Disabilities Act (ADA) and supplemental state-law claims. The Court is obligated to confirm its own jurisdiction, *sua sponte* if necessary, and to dismiss the complaint if jurisdiction is lacking. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir.2011) (en banc). The complaint must plead facts, not merely conclusions, to invoke the Court's jurisdiction. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citing Fed. R. Civ. P. 8(a)(1); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). Here, it appears Langer has failed to allege facts showing he has standing to bring his ADA claim. Furthermore, because the only remedy available to Langer under the ADA is injunctive relief, *see Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002), if injunctive relief is unavailable or would be ineffective, the ADA claim is moot. If the Court lacks jurisdiction over his federal claim, it cannot exercise jurisdiction over supplemental state claims.

The complaint adequately alleges that Langer is disabled and that he would like to patronize the restaurant whose parking lot he says is defective. The complaint does not, however, allege how the condition of the parking lot harmed him when he visited the restaurant, or how it is deterring him from returning. Instead, it relies on conclusions. Essentially, its theory is that because he is disabled he merely needs to identify an ADA violation on the premises that pertains to his disability. But this is not enough to show standing.

The complaint alleges that Langer uses a wheelchair, and drives a special van that deploys a ramp for the wheelchair out of the passenger side. It then alleges while "there is a parking space ostensibly for persons with disabilities," the lot has "no accessible parking spaces reserved for persons with disabilities." (Complaint, ¶ 10.) In other words, he agrees a parking space is reserved for persons with disabilities, but alleges it has no designated access aisle. The complaint also alleges there was a parking place reserved for disabled patrons that did have an access aisle, but the markings on the pavement have faded. (*Id.* at 11)

What is missing here is an allegation of how the condition of the parking lot prevents him from parking, navigating the parking lot, or accessing the business. For example, Langer hasn't alleged facts showing why faded paint prevented him from parking in the spot he described, or why it deters him from returning in the future. A parking lot may technically be ADA-noncompliant in ways that might pose difficulties for others, and yet be still fully usable by Langer. By way of example, if there is a space that serves the function of an access aisle in all respects, the fact that it was not specifically designated as such would make no real difference. If that were true, Langer would have no standing to sue for merely technical violations that do not affect him, or for which the Court can grant no meaningful relief. The complaint should allege facts showing this is not the case.

The insufficiency of the allegations makes it impossible to make the determination that it is likely and not merely speculative that Langer would benefit from injunctive relief; this is relevant both to the redressability prong of the standing analysis, *see Lujan v. Defenders*

*of Wildlife*, 504 U.S. 555, 561 (1992), and the question of whether the Court can grant meaningful injunctive relief. *See Center for Biological Diversity v. Lohn*, 511 F.3d 960, 964 (9th Cir. 2007) (where the only relief sought would serve no meaningful purpose, claims were moot).

While the Court is not at this stage examining the sufficiency of the pleadings, there are not even any factual allegations to establish that Defendants' business is covered by the ADA, and that reserved handicap-accessible handicapped spaces are required. *See Yates v. Bacco*, 2014 WL 1089101, at *4 and n.5 (N.Dl. Cal., Mar. 17, 2014) (discussing different standards applicable to premises depending on when they were constructed).

Ordinarily the Court would direct a plaintiff to either amend or show cause why the complaint should not be dismissed without prejudice. But both Langer and his counsel have been confronted with similar pleading deficiencies several times before, and are familiar with the required standard. *See, e.g., Langer v. Shamoun*, 14cv1822-LAB (BLM), Docket no. 7 (Order to Show Cause re: Jurisdiction); and *Langer v. Wisham*, 14cv1857-LAB (KSC), Docket no. 5 (Order to Show Cause re: Jurisdiction).

This action is therefore **DISMISSED WITHOUT PREJUDICE** for failure to invoke the Court's jurisdiction. Within **21 calendar days from the date this order is issued**, Langer may file an amended complaint pleading facts that remedy the defects this order has identified. If he does not amend within the time permitted, this action will be dismissed without leave to amend, both for failure to invoke the Court's jurisdiction, and for failure to obey the Court's orders.

**IT IS SO ORDERED**.

DATED: December 11, 2014.

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge