AMY CARLSON (SBN 213294)
EMPLOYMENT RIGHTS ATTORNEYS, LLP
1500 E. Hamilton Ave., Ste. 118
Campbell, California 95008
Tel: (408) 796-7551
Fax: (408) 796-7368
Email: acarlson@eralawyers.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
-oo0oo-

| | |
|---|---|
| SCOTT JOHNSON, | Case No. 17-cv-01628-BLF |
| Plaintiff, | **DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT AGAINST DEFENDANTS** |
| v. | |
| JACK N. MARIANI, an individual and representative capacity as trustee; MEGAN MARIANI LOMBARD; DONALD F. LOMBARDI; and DOES 1-10 | Date: July 20, 2017<br>Time: 9:00 a.m.<br>Courtroom: 3, 5th Floor<br>Judge: Hon. Beth Labson Freeman |
| Defendant. | |

Defendants respectfully submit their reply brief to Plaintiff's opposition to Defendants' motion to dismiss.

Plaintiff's argument that there are no novel or complex state law issues is interesting in light of the simple fact that the California Courts have not decided one case related to C.C.P. § 425.50, or Civil Code §§ 55.31, or 55.32 (the "new" requirements since 2012). In five years, the California appellate courts have not been presented with one case (published or unpublished) to evaluate the new requirements. It is entirely possible the new requirements are unconstitutional under the California Constitution. But like the Tootsie Pop, we may never know.

The Unruh Civil Rights Act—the law implicated in Plaintiff's lawsuits—is not procedural, but rather *the **law*** in California. Unruh starts at Civil Code section 51. However, in an apparent response to orders on other motions to dismiss, Plaintiff tried to "plead around" the issue of the section 55 requirements in the prayer by stating, "Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all."

Plaintiff demands the monetary damages under Unruh, but bypasses the requirements of sections 55.31 and 55.32. The Code sections were implemented to avoid abusive behaviors by counsel. Thus, the legislature required the State Bar be involved in these high-frequency lawsuits. For instance, Civil Code section 55.31 has requirements that—if not followed—could result in imposition of discipline of an attorney. Section 55.32 outlines the "duties of the attorney" in requiring the attorney who sends a demand letter to send a copy to the State Bar of California.

Unfortunately, Plaintiff can bypass these requirements by simply filing in Federal Court and carving out any claim under Civil Code section 55.

If these were not important requirements to be evaluated by the California state courts, why were they implemented? Plaintiff demands the monetary awards of the Unruh Civil Rights Act without the burden of following Cal. Civil Code section 55.3 et seq. It should also be noted that Plaintiff served the California Judicial Council Forms required in State Court cases when the lawsuit was serve on Defendants. Based upon plaintiff's specific carve-out for section 55, the forms seem superfluous.

Plaintiff's argument that these are not novel or complex issues is baseless since the California courts have not had an opportunity to look at the issue. It would be a novel issue. It is rather complex.

For instance, the requirement that Attorneys comply with the requirements could implicate attorney-client privilege or attorney-work product privileges. It could be that the requirements are unconstitutional, or simply improper.

There has been no determination on these changes. California Courts have not been given the opportunity because California attorneys—regulated by the California State Bar—easily bypass California legislation that imposes discipline on California attorneys for not complying with these "new" rules.

There is no request to split the claims, but rather, require all claims be brought where *everyone* is on equal footing with equal protections. The legislature clearly saw the abuse of the process on businesses in California. The 2012 Legislative notes state:

> SEC. 24. The Legislature finds and declares that a very small number of plaintiffs' attorneys have been abusing the right of petition under Sections *52 and 54.3 of the Civil Code* by issuing a demand for money to a California business owner that demands the owner pay a quick settlement of the attorney's alleged claim under those laws or else incur greater liability and legal costs if a lawsuit is filed. These demands for money allege one or more, but frequently multiple, claims for asserted violations of a construction-related accessibility standard and often demand a quick money settlement based on the alleged multiple claims without seeking and obtaining actual repair or correction of the alleged violations on the site. These 'pay me now or pay me more' demands are used to scare businesses into paying quick settlements that only financially enrich the attorney and claimant and do not promote accessibility either for the claimant or the disability community as a whole. These practices, often involving a series of demand for money letters sent to numerous businesses, do not promote compliance with the accessibility requirements and erode public support for and confidence in our laws. Therefore, the Legislature finds and declares that it is necessary and appropriate to enact Sections 55.31 and 55.32 of the Civil Code, and Section 425.50 of the Code of Civil Procedure *to protect the public's confidence and support of the right to petition under Sections 52 and 54.3 of the Civil Code.*"

Civil Code § 55.32 (2012 Legislative Notes; *Emphasis* Added)

The legislative history specifically refers to the Unruh Civil Rights Act sections 52 and 54.3 (those implicated by Plaintiff Johnson). Permitting these cases to be filed without complying with California requirements, is basically telling the California Legislature and the California business, "we don't care about your side, we only care about the high-frequency litigants."

///

///

With regard to the predominance argument, Plaintiff's argument fails as well.  The Unruh claims require a showing of "intent."  The ADA claims do not.  The California law will predominate the claims in evidence and expert or witness testimony.

Plaintiff, Johnson is not asking for anything he cannot get in state court. In fact, he is demanding his cake and to eat it too.

Dated: May 17, 2017

Signed: _____/s/_____

AMY CARLSON, Esq.
EMPLOYMENT RIGHTS ATTORNEYS, LLP
Attorneys for Defendants

# CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2017 I electronically filed the foregoing DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT AGAINST DEFENDANTS with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

May 17, 2017

                                        /s/
                                Amy Carlson, Esq.