**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SCOTT JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>JACK N. MARIANI, et al.,<br><br>Defendants. | Case No.  17-cv-01628-BLF<br><br>**ORDER DENYING MOTION TO DISMISS** |

Plaintiff Scott Johnson ("Johnson") filed this public accommodations disability discrimination lawsuit against Defendants Jack N. Mariani, Megan Mariani Lombardi, Donald F. Lombardi and Does 1-10, (collectively "Defendants").  Compl. ¶¶ 2-20.  Before the Court is Defendants' motion to dismiss the complaint under Fed. R. Civ. Proc. 12(b)(1).  For the reasons stated below, the motion is DENIED.

### I.    BACKGROUND

In the complaint, Johnson asserts a federal cause of action under the Americans with Disability Act ("ADA"), and California state law claims under the Unruh Civil Rights Act ("UCRA") (California Civil Code §§ 51-53).  Compl. ¶¶ 21-22.  Johnson alleges that he visited Defendants' Lombardi Auto Service on a number of occasions between September 2016 and January 2017.  *Id.* ¶ 24.  According to Johnson, "there were no parking spaces marked and reserved for persons with disabilities during any of plaintiff's visits."  *Id.* ¶ 27.  Johnson further alleges that there used to be a compliant, accessible parking space in the parking lot prior to February 2016, but Defendants have allowed the spaces to fade or get paved over.  *Id.* ¶¶ 28-29.  Johnson requests injunctive relief under the ADA and UCRA and actual damages under the UCRA.  *Id.* at 10.  Johnson further seeks reasonable attorneys' fees and costs under both the ADA

and UCRA. *Id.*

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering whether the complaint is sufficient to state a claim, the Court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, the Court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## III. DISCUSSION

Defendants argue that the Court should decline to exercise supplemental jurisdiction over the UCRA claim. Mot. 3. Specifically, Defendants contend that the UCRA claim is subject to stringent pleading requirements under California Code of Civil Procedure § 425.50. *Id.* at 3-4. According to Defendants, the state procedural rule requires verification of the complaint, detailed pleading on how the barriers interfered with or deterred Johnson's access, detailed pleading on the dates Johnson encountered the barriers, and a statement on whether Johnson is a high-frequency litigant. *Id.* at 6. Defendants further argue that since UCRA allows for a mandatory minimum damages award, Johnson's request for monetary remedies under UCRA claim is Johnson's primary motive for this case and predominates over the injunctive claim. *Id.* at 7. Finally, Defendants asserts that Johnson fails to establish this Court's jurisdiction. *Id.* at 9-10.

In opposition, Johnson first notes that even though Defendants make references to lack of

federal jurisdiction and standing, Mot. 1, they never proffer any argument or legal basis in support of a Rule 12(b)(1) ground for dismissal. Opp'n 2, ECF 17. Johnson next argues that the complaint provides sufficient allegations, including that "there is not a single parking space marked and reserved for persons with disabilities" and that "there was no accessible path of travel to the entrance of the Auto Service." Compl. ¶¶ 30-33. As such, Johnson avers that to the extent Defendants attempt to dismiss the ADA claims on the ground that they only allege "technical violations," the motion should be denied. Opp'n 3-4. Johnson further contends that the complaint would meet the pleading requirements under federal rules of civil procedure as well as § 425.50. *Id.* at 4. Nonetheless, Johnson asserts that meeting the requirements under § 425.50 would not be necessary in this Court. *Id.* at 5. Finally, Johnson argues that his UCRA claim presents no complex issue and does not predominate over the ADA claim, and as such, this Court should exercise supplemental jurisdiction over his UCRA claim. *Id.* at 8-11.

First, with respect to Defendants' passing reference to lack of standing and federal subject matter jurisdiction, Defendants make no arguments specifically on these points. Accordingly, the Court denies the Rule 12(b)(1) motion to the extent it is made on that ground.

Second, the Court finds that the complaint need not meet the pleading requirements set forth in § 425.50 because those requirements are state procedural rules and are not applicable to the complaint here. Although Johnson's UCRA claim arises under state law, the allegations are subject to the Federal Rules of Civil Procedure. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) ("[T]he Federal Rules of Civil Procedure apply in federal court, 'irrespective of the source of the subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal.' ") (citation omitted); *see also Cullen v. Netflix, Inc.*, 880 F. Supp. 2d 1017, 1022 (N.D. Cal. 2012) (applying federal rules of civil procedure in evaluating a motion to dismiss a disability discrimination complaint); *Oliver v. In-N-Out Burgers*, 286 F.R.D. 475, 477 (S.D. Cal. 2012) (noting that the provisions of Cal. Code Civ. Proc. § 425.50 conflict with Federal Rule of Civil Procedure 8(a)(2) and applying the Federal Rules). Defendants argue that UCRA's pleading requirement is not procedural and Johnson's federal court filing only serves to circumvent that requirement. Reply 1, ECF 18. Notably, despite having acknowledged that "state pleading

standards do not apply in federal court," Mot. 7, Defendants seek to have this Court treat § 425.50 as substantive state law in evaluating the UCRA claim. However, Defendants provide no Ninth Circuit authority in support of their argument that California's procedural rule is substantive and point to no federal court in this District that has treated § 425.50 as substantive state law. Although Defendants cite several unpublished orders of dismissal in the Southern District of California that allegedly applied § 425.50 as substantive state law, Mot. 9-10, this Court declines to follow suit given the weight of authority in this District and in the Ninth Circuit.

Lastly, the Court turns to Defendants' argument urging this Court to decline to exercise supplemental jurisdiction over the UCRA claim. A federal court's exercise of supplemental jurisdiction is governed by 28 U.S.C. § 1367. Section 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Under § 1367(c), however, a district court has the discretion to decline to exercise supplemental jurisdiction over a state law claim where one or more of the following circumstances exists:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). The Ninth Circuit has held that § 1367 requires that the court exercise supplemental jurisdiction pursuant to § 1367(a) unless such exercise would destroy diversity jurisdiction or one of the specifically enumerated exceptions set forth in § 1367(c) applies. *Executive Software N. Am., Inc. v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 24 F.3d 1545, 1555-56 (9th Cir. 1994). Court will also have supplemental jurisdiction if the claims arise from a common nucleus of operative facts. *See Brady v. Brown*, 51 F.3d 810, 815-16 (9th Cir. 1995) ("The operative facts for both the RICO and the state law claims are the same actions described . .

. . There was thus a common nucleus of operative facts encompassing both the state and federal claims.").  While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), that discretion is further informed by "judicial economy, convenience, fairness, and comity"—the *Gibbs* factors.  *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997); *see United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

Here, supplemental jurisdiction should be exercised over the state law claim because the claims arise from a common nucleus of operative facts and none of the exceptions of § 1367(c) applies.  Defendants do not dispute that the claims arise from a common nucleus of operative facts.  Rather, Defendants argue that the URCA claim raises a novel and complex issue of state law, and predominates over the ADA claim, as set forth in § 1367(c)(1) and (2).  With regard to whether the UCRA claim raises a novel and complex issue of state law, Defendants reproduce in length the text of the statute and certain legislative notes of § 425.50 and then bemoan the number of ADA actions Plaintiff has filed.  Mot. 3-6.  However, Defendants point to no novel and complex issue of state law that this Court must confront were this Court to exercise supplemental jurisdiction.  The fact that there are differences between Federal Rules of Civil Procedures and § 425.50 does not alone present a novel and complex issue of state law.  Further, as noted above, the Court declines to apply § 425.50 to the UCRA claim as substantive law.

Turning to the issue of whether the URCA claim predominates over the ADA claim, the Court looks to whether URCA predominates "in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought."  *Gibbs*, 383 U.S. at 726-27.  "There may, on the other hand, be situations in which the state claim is so closely tied to questions of federal policy that the argument for exercise of pendent jurisdiction is particularly strong."  *Id.* at 727.  In the present case, pursuant to UCRA as set forth in California Civil Code § 51(f), a violation of an individual's rights under the ADA "shall also constitute a violation of [the Unruh Act]."  *Org. for Advancement of Minorities with Disabilities v. Brick Oven Rest.*, 406 F. Supp. 2d 1120, 1129 (S.D. Cal. 2005).  Given that the proof and scope of the state claim implicate the federal law of American Disabilities Act, this weighs in favor of exercise of supplemental jurisdiction.  As to the

remedies, Defendants argue that the UCRA claim predominates because it permits monetary remedies in the form of actual damages, with a statutory minimum of $4,000, citing to *Brick Oven*, 406 F. Supp. 2d at 1131. The court in *Brick Oven* declined to exercise supplemental jurisdiction over a UCRA claim because of the disparity in the available remedies between the UCRA and the ADA. *Id.* However, *Brick Oven* does not represent the consensus in the Eastern District of California, let alone this District or the Ninth Circuit. *E.g.*, *Johnson v. United Rentals Nw., Inc.*, No. 11-00204, 2011 WL 2746110, at *4 (E.D. Cal. July 13, 2011) (finding that the UCRA claim does not substantially predominate over the federal claim); *Baker v. Palo Alto Univ., Inc.*, No. 13-00546-EJD, 2014 WL 631452, at *2 (N.D. Cal. Feb. 18, 2014) (refusing to sever and remand the UCRA claim and other state law claims while maintaining jurisdiction over the ADA claims and reasoning that "forcing these parties to litigate two nearly-identical cases in separate venues—one here and one in state court—is neither convenient, economical, nor fair"). Even if this Court were to acknowledge that a plaintiff's state law claim for damages might be the driving force behind the action, this is not enough to show that the UCRA claim predominates over the federal claim. As one court noted, accepting Defendants' argument "would effectively preclude a district court from ever asserting supplemental jurisdiction over a state law claim under the Unruh Act [in an ADA case]." *See Johnson v. Barlow*, No. 06-01150, 2007 WL 1723617, at *3 (E.D. Cal. June 11, 2007). Without any other authority supporting Defendants' position, this Court finds that the UCRA claim does not substantially predominate over the federal claim.

Defendants also argue that Johnson is merely forum shopping in an attempt to evade the force and effect of California Code of Civil Procedure § 425.50 by filing in this Court. Mot. 8-9. This argument is best considered in the context of the *Gibbs* factors, "judicial economy, convenience, fairness, and comity," when determining whether to decline supplemental jurisdiction. *Acri*, 114 F.3d at 1002. As discussed above, having two proceedings, one in state and one in federal court, to litigate nearly identical cases would be unduly inconvenient and unfair. An exercise of supplemental jurisdiction would also serve the purpose of judicial economy to avoid the wasteful duplication in parallel proceedings. As to the factor of "comity," the Court recognizes that an exercise of supplemental jurisdiction over state law claims can deprive the

California state courts of an opportunity to interpret issues of state law. Nonetheless, judicial economy, convenience, and fairness still weigh in favor of retaining jurisdiction. The opportunity this case provides for California state court to develop and apply state law does not tip the scale in favor of declining supplemental jurisdiction.

For the foregoing reasons, the Court DENIES Defendants' motion to dismiss and will exercise supplemental jurisdiction over the UCRA claim.

**IT IS SO ORDERED.**

Dated: July 10, 2017

BETH LABSON FREEMAN
United States District Judge