1  AMY CARLSON (SBN 213294)
   EMPLOYMENT RIGHTS ATTORNEYS, LLP
2  1500 E. Hamilton Ave., Ste. 118
   Campbell, California 95008
3  Tel: (408) 796-7551
   Fax: (408) 796-7368
4
   Attorneys for Defendants
5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

                              **-ooOoo-**

10  Scott Johnson,                       )    Case No. 5:17-cv-01628-BLF
                                         )
11          Plaintiff,                   )
                                         )    DEFENDANTS' ANSWER TO COMPLAINT
12  v.                                   )
                                         )
13  Jack N. Mariani, in individual and   )
14  representative capacity as trustee; Megan Mariani )
    Lombard; Donald F. Lombardi; and Does 1-10,  )    Action filed: September 3, 2014
15                                       )
            Defendants.                  )
16                                       )
                                         )
17  _____   )

18                         **ANSWER**

19       Defendants JILL STEPHENS, Trustee of THE JILL STEPHENS 2014 TRUST dated January

20  2,2014; JEFF MARDESICH, Trustee of THE JEFF MARDESICH 2013 TRUST dated October

21  30,2013; ANTONINE BROSIOUS; CHERYL A. ANDERSON; KAREN L. RUDD; DAVID A.

22  CHOATE; MATTHEW MARIANI, Trustee of the J. DENNIS MARIANI GST TRUST; GEORGE 1.

23  SOUSA, Trustee of the KATIE PETRUCELA TRUST dated October 28,1964; LOUIS J. MARIANI,

24  JR., Trustee of the KATIE PETRUCELA TRUST dated October 28,1964; LOUIS J. MARIANI, JR.,

25  Trustee of the Trust Agreement recorded November 14, 1955 in Book 3332 of Official Records, Page

26  421, Santa Clara County Records,; (collectively "**Defendants**") by and through the undersigned counsel,

27  hereby answer Plaintiff's Complaint, and allege as follows:

28              **ANSWER TO INTRODUCTORY ALLEGATIONS**

_____

Def's Answer to Complaint          Case No. 5:17-cv-01628-BLF                    PAGE 1

1.      Plaintiff is a California resident with physical disabilities. Defendants lack knowledge or information sufficient form a belief about the truth of Paragraph 1.

2.      With regard to allegations in paragraph 2, admitted

3.      With regard to allegations in paragraph 3, admitted

4.      With regard to allegations in paragraph 4, admitted

5.      With regard to allegations in paragraph 5, admitted

6.      With regard to allegations in paragraph 6, admitted

7.      With regard to allegations in paragraph 7, admitted

8.      With regard to allegations in paragraph 8, admitted

9.      With regard to allegations in paragraph 9, admitted

10.     With regard to allegations in paragraph 10, admitted

11.     With regard to allegations in paragraph 11, admitted

12.     With regard to allegations in paragraph 12, admitted

13.     With regard to allegations in paragraph 13, admitted

14.     With regard to allegations in paragraph 14, admitted

15.     With regard to allegations in paragraph 15, admitted

16.     With regard to allegations in paragraph 16, admitted

17.     With regard to allegations in paragraph 17, admitted

18.     With regard to allegations in paragraph 18, admitted

19.     With regard to allegations in paragraph 19, admitted

20.     With regard to allegations in paragraph 20. Defendants cannot admit or deny what Plaintiff does nor does not know with regard to the true names of Defendants not currently named.

21.     With regard to allegations in paragraph 21, admitted.

22.     With regard to allegations in paragraph 22, admitted.

23.     With regard to allegations in paragraph 23, admitted.

24.     With regard to allegations in paragraph 24, Defendants deny Plaintiff has gone to the Auto Service on any occasion for any purpose at any time.

25.     With regard to allegations in paragraph 25, admitted that the Auto Service is a facility

open to the public and is a business establishment.  Defendants deny it is a place of public accommodation.

26.     With regard to allegations in paragraph 26, Defendants deny there are any parking spaces for patrons. Therefore, Plaintiff could not have encountered an issue with parking his vehicle in any parking spaces.

27.     With regard to allegations in paragraph 27, Defendants admit there were no marked spaces whatsoever for any cars—whether for disabled or non-disabled patrons. Notwithstanding, Defendants deny Plaintiff patronized the business.

28.     With regard to allegations in paragraph 28, Defendants deny there are parking spaces for any patrons, nor have there ever been parking spaces for patrons.  Therefore Defendants deny they have allowed the parking spaces to fade or get paved over.

29.     With regard to allegations in paragraph 29, Defendants maintain their parking lot such that patrons come in and drop their vehicles off at the bays in order to be serviced.  There are no parking spaces for patrons.

30.     With regard to allegations in paragraph 30, Defendants do not maintain parking spaces for any patrons.

31.     With regard to allegations in paragraph 31, Defendants do not have a path of travel to any location in the facilities. There is no where to go within the property for a patron.  Therefore, they must deny this allegation as non-applicable.

32.     With regard to allegations in paragraph 32, this allegation is nonsensical in this context as there is no where to park whether the patron is able bodied or disabled.  There is no reason for there to be a path of travel to an entrance.

33.     With regard to allegations in paragraph 33, this allegation is nonsensical in this context as there is no where to park whether the patron is able bodied or disabled.  There is no reason for there to be a path of travel to an entrance.

34.     With regard to allegations in paragraph 34, Defendants deny Plaintiff was ever at Defendants' property much less encountered any barriers.  Defendants deny there are any barriers for any disabled patrons.

35.     With regard to allegations in paragraph 35, Defendants deny Plaintiff was ever at Defendants' property, much less was denied full and equal access or that anything caused him difficulty and frustration while being at Defendants' facilities as he was never there.

36.     With regard to allegations in paragraph 36, Defendants deny Plaintiff ever patronized Defendants' business.

37.     With regard to allegations in paragraph 37, Defendants have no information to admit or deny Plaintiff frequents Santa Clara area or whether he has visited there scores of occasions.  Defendants deny Plaintiff visited the Auto Service on eight occasions as he lives 90 minutes away and it seems inconceivable he would need auto service 90 minutes from his home on eight separate occasions. Defendants deny Plaintiff would have been deterred from going inside since there is nothing inside for which he would need to enter the facility.

38.     With regard to allegations in paragraph 38, Defendants deny this allegation.

39.     With regard to allegations in paragraph 39, Defendants deny this allegation.

40.     With regard to allegations in paragraph 40, Defendants deny this allegation.

41.     With regard to allegations in paragraph 41, Defendants deny this allegation.

42.     With regard to allegations in paragraph 42, Defendants deny this allegation.

43.     With regard to allegations in paragraph 43, Defendants deny Plaintiff ever patronized Defendants' facility therefore they deny he would "like to return" or that he would be deterred since there are no violations to cure.

44.     With regard to allegations in paragraph 44, Defendants deny they have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

45.     With regard to allegations in paragraph 45, Defendants deny there were any violations. Notwithstanding, the any alleged barriers would be costly to remove.  The barriers alleged in the complaint are not presumably readily achievable to remove.

//

//

46.     With regard to allegations in paragraph 46, Defendants cannot admit or deny this

allegation as a hypothetical.  Notwithstanding, the paint and stripes are already present in the parking lot designating the disabled parking.  All signage is currently present and is not in violation of any state or federal laws.

47.     With regard to allegations in paragraph 47, Defendants deny all allegations in this paragraph.  Defendants deny Plaintiff has ever patronized the Defendants' business, encountered any barriers, had any knowledge of any barriers, or has any intention to return to the Defendants' business.  Plaintiff lives over 90 minutes away from Santa Clara and has no stated reason for being in Santa Clara other than to find defendants to sue.  Defendants' business is not one that someone would drive for 90 minutes for auto service.

48.     With regard to allegations in paragraph 48, , Defendants deny there were any violations, much less obvious and blatant violations.  Defendants deny all allegations in this paragraph.

49.     With regard to allegations in paragraph 49, Defendants deny any violations, much less an intentional refusal to remove any barriers.  Defendants deny all allegations stated in this paragraph.

50.     Defendant re-pleads and incorporates by reference, as if fully set forth again herein, the denials and allegations contained in all prior paragraphs of this answer.

51.     With regard to allegations in paragraph 51, Defendants cannot respond to recitations of the Federal ADA. Defendants deny they are in violation of said law as implied by this paragraph and its sub-paragraphs.

52.     With regard to allegations in paragraph 52, Defendants cannot respond to recitations of the Federal ADA. Defendants deny they are in violation of said law as implied by this paragraph and its sub-paragraphs.

53.     With regard to allegations in paragraph 53, Defendants deny they failed to provide accessible parking spaces in violation of the ADA when there are no parking spaces for any patrons.  There is no need for parking spaces for patrons.

54.     With regard to allegations in paragraph 54, Defendants cannot respond to recitations of the law.  Defendants deny they are in violation of said law as implied by this paragraph.

//

55.     With regard to allegations in paragraph 55, Defendants deny there is a failure to provide

1    accessible path of travel as it is nonsensical in this context. There is nowhere to go for which a path of

2    travel would be necessary.

3         56.    With regard to allegations in paragraph 56, Defendants cannot respond to recitations of

4    the Federal ADA. Defendants deny they are in violation of said law as implied by this paragraph.

5         57.    With regard to allegations in paragraph 57, Defendants deny there is a failure to ensure

6    that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

7    There are no facilities for which access is necessary.

8         58.    With regard to allegations in paragraph 58, Defendants do not have information to admit

9    or deny the allegation that plaintiff will continue to desire an auto service business 90 minutes from his

10   home.  However Defendants deny plaintiff has ever patronized Defendants' business. Defendants deny

11   there has been any discrimination, much less there will "continue to be" any discrimination that requires

12   an injunction.

13        59.    Defendant re-pleads and incorporates by reference, as if fully set forth again herein, the

14   denials and allegations contained in all prior paragraphs of this answer.

15        60.    With regard to allegations in paragraph 60, Defendants deny they violated Plaintiff's right

16   under the ADA, the UnRuh Civil Rights Act or that they are liable for damages under the California

17   Civil Code.

18        61.    With regard to allegations in paragraph 61, Defendants deny they violated Plaintiff's right

19   under the ADA, the UnRuh Civil Rights Act or that they are liable for damages under the California

20   Civil Code. Defendants deny Plaintiff suffered any emotional distress, much less an amount of the

21   statutory damages.

22        62.    With regard to allegations in paragraph 62, Defendants deny they violated Plaintiff's right

23   under the ADA, the UnRuh Civil Rights Act or that they are liable for damages under the California

24   Civil Code. Defendants deny Plaintiff suffered any emotional distress, much less an amount of the

25   statutory damages.

26   //

27   //

28                        **ANSWERING THE PRAYER FOR RELIEF**

---

1   Paragraphs 1 through 3 in the Prayer for Relief and all its other parts, contain statements to which

2   no answer is required.  To the extent that an answer is required: Defendants deny the allegations

3   contained therein and specifically deny that the Plaintiff if entitled to any relief whatsoever.

4   **AFFIRMATIVE AND OTHER DEFENSES**

5   **FIRST DEFENSE**

6   Plaintiff's claim fails to state a claim upon which relief may be granted against the named

7   Defendants.

8   **SECOND DEFENSE**

9   Plaintiff lacks standing to challenge barriers in the Facility as Plaintiff did not visit the Facility

10  prior to filing the complaint.

11  **THIRD DEFENSE**

12  Plaintiff's claims are barred because with respect to any particular element of the Facility that

13  departs from accessibility guidelines, the Facilities have provided "equivalent facilitation" in the form of

14  alternative designs and technologies that provide substantially equivalent or greater access to and

15  usability of the Facility.

16  **FOURTH DEFENSE**

17  Plaintiff is not a protected individual, person, or affected party as defined by Title III of the ADA

18  or the Unruh Civil Rights Act.

19  **FIFTH DEFENSE**

20  Plaintiff is not entitled to one or more forms of relief as demanded in Plaintiff's Prayer.

21  **SIXTH DEFENSE**

22  Plaintiff's claims are barred because the claimed violations are "de minimis," and non-actionable

23  because they do not materially impair Plaintiff's use of an area for an intended purpose.

24  **SEVENTH DEFENSE**

25  Plaintiff's claims are barred because the barrier removal(s) Plaintiff seeks pursuant to the ADA

26  in facilities built before January 26, 1993, are not "readily achievable," or easily accomplishable and able

27  to be carried out without much difficulty or expense within the meaning of 42 U.S.C. section 12181(9).

28  **EIGHTH DEFENSE**

Plaintiff's claims are barred because the modifications Plaintiff seeks are not "alterations" within the meaning of the ADA or Title 24 and/or they do not trigger an "alteration" legal standard, including because the modifications sought will be disproportionate in cost or cost in excess of 20% of the entire "alteration."

## NINTH DEFENSE

Plaintiff's claims are barred because the alterations made by Defendants are sufficient in that they satisfy the "to the maximum extent feasible" standard. 28 C.F.R. section 36.402(a)(1); 42 U.S.C. section 12183(a)(2).

## TENTH DEFENSE

Plaintiff's claims that the Facility was designed in violation of the ADA or Title 24 are barred to the extent the Facility was designed and constructed prior to the effective date of the ADA, Title 24, or their regulations.

## ELEVENTH DEFENSE

Defendants have made good faith efforts to comply with the ADA, the Unruh Act, and the California Disabled Persons Act, including providing appropriate alternative access.

## TWELFTH DEFENSE

Plaintiff has failed to mitigate his damages, if any.

## THIRTEENTH DEFENSE

Plaintiff's claims under the Unruh Act are barred to the extent they interfere with Defendants' compliance with laws and regulations that are equally applicable to all persons.

## FOURTEENTH DEFENSE

The imposition of statutory minimum damages in this matter would violate Defendants' Eighth Amendment protection against excessive fines in violation of the California Constitution and the United States Constitution.

## FIFTEENTH DEFENSE

The imposition of punitive damages in this matter would violate Defendants' right to due process of law in violation of the California Constitution and the United States Constitution.

## SIXTEENTH DEFENSE

Defendants' business is a small business that, over the previous three years, employs 25 or fewer employees on average over that time period and meets specified gross receipts criteria. Defendants are entitled to reduced statutory damages for each alleged claim to $2,000 for each alleged offense.

## SEVENTEENTH DEFENSE

Defendants have insufficient knowledge or information on which to form a belief as to whether Defendants have any additional, as yet unstated, defenses available.  Defendants reserve the right to assert additional defenses as they become apparent during the discovery process.

## PRAYER

WHEREFORE, Defendants request that the Court enter judgment in favor of Defendants, that the Complaint be dismissed, and that Defendants be granted such further relief as the Court may deem just and proper, including but not limited to recovery of its fees and costs of suit.

Dated: July 24, 2017              Signed:_____/s/_____
                                           RICHARD D. SCHRAMM, Esq.
                                           AMY CARLSON, Esq.
                                           EMPLOYMENT RIGHTS ATTORNEYS, LLP
                                           Attorneys for Defendants

---